UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jack Ferranti, # 45299-053, | ) | C/A No. 5:14-3350-BHH-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Linda R. Thomas, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

Jack Ferranti ("Petitioner"), a Federal Bureau of Prisons ("BOP") prisoner, submits a habeas corpus Petition in which he asks this court to order the warden of FCI-Edgefield to stock a specific type of anti-fungal medication in the prison commissary. Pet. 10, ECF No. 1. He alleges that the over-the-counter medications currently available to him "are not effective on scalp or nails." *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty

Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

III.     Discussion

The primary question presented by the Petition now under review is whether Petitioner's claim may be reviewed by this court as a habeas claim under 28 U.S.C. § 2241 or whether it should have been brought as a conditions-of-confinement claim under 42 U.S.C. § 1983/*Bivens* Doctrine.[1] The remedies are distinct and federal courts routinely consider whether a prisoner's claim falls under habeas review or under the more general federal civil rights statute, 42 U.S.C. § 1983 (or the *Bivens* Doctrine when federal officials are sued).[2] *See Wilkinson v. Dotson*, 544 U.S. 74, 78-83 (2005) (reviewing the preceding thirty-two years of United States Supreme Court case law explaining which prisoner claims are appropriate for habeas review). In 1973, the United States Supreme Court decided that state prisoners cannot use a § 1983 action to challenge "the fact or duration" of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (overruled on other grounds by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)).[3] The Supreme Court has since clarified this principle to hold that, regardless of the relief sought or conduct challenged, the proper remedy lies in habeas corpus only if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988). Because Petitioner is a federal prisoner and the Warden is a federal employee, it is also possible that Petitioner's claim could be raised under the Federal Torts Claim Act. *See* 28 U.S.C. § 2671 through § 2680.

[2] *Nothing in this Report and Recommendation should be construed as implying that Petitioner's claim herein necessarily would be a valid Bivens or Federal Tort Claims Act claim.*

3

The *Wilkinson* Court held that in challenges to prison procedures, "where success in the action *would not necessarily* spell immediate or speedier release for the prisoner," § 1983, not habeas corpus, is the appropriate remedy. *Id*. at 81 (emphasis in original); *see Muhammad v. Close*, 540 U.S. 749 (2004) (§ 1983 complaint is proper vehicle to challenge disciplinary convictions that did not result in loss of earned sentence credits). Additionally, federal case law teaches that a petition for writ of habeas corpus under 28 U.S.C. § 2241 is available only in limited situations such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. U.S. Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991); or, in very limited circumstances, attempts to overturn federal convictions, *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002). Thus, the determinative question for consideration in this report is whether success on Petitioner's medical-related claim would "necessarily spell [his] immediate or speedier release," *Wilkinson*, 544 U.S. at 81, or whether it is the type of claim that has been found appropriate to raise by way of the § 2241 petition. *See Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006) (federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

This court does not have subject-matter jurisdiction to consider Petitioner's claim pursuant to 28 U.S.C. § 2241 because the relief requested would not affect the duration of his

---

[3] *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Each of these Supreme Court opinions

prison sentence and the medical-related claim does not fit into any of the limited subject areas in which federal courts have found plausible § 2241 claims. Even if the court granted the relief requested and ordered the Warden to stock the requested medication in the commissary, there would be no effect on the length or nature of Petitioner's current sentence. Moreover, Petitioner's claim is not the type of claim that has been recognized as appropriately brought by federal prisoners under § 2241. Petitioner's claim is not a habeas corpus claim; rather, this type of claim typically would be more properly viewed as a conditions-of-confinement claim that should be raised under the *Bivens* Doctrine or as some other non-habeas civil action. *See, e.g.*, *Bedenfield v. Lewisburg*, 393 F. App'x 32, 33 (3d Cir. 2010) (challenge to placement in special management unit is a conditions-of-confinement claim and not a habeas claim); *Samson v. Mora,* No. 0:13–1650–RMG, 2013 WL 5350774 (D.S.C. Sept. 13, 2013) (federal prisoner cannot challenge conditions of his confinement through § 2241 petition); *McCain v. Garrity*, No. 3:02CV435, 2002 WL 32362032, * 2 (E.D. Va. July 16, 2002) (challenge to quality of inmate medical care not properly raised under § 2241).

IV.     Recommendation

It is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

October 6, 2014                                              Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

---

contain discussions about the distinctions between habeas actions and § 1983 actions.

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).