IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jack Ferranti, #45299-053,                    ) Civil Action No.: 5:14-3350-BHH
                                              )
                              Petitioner,     )
                                              )
                v.                            )
                                              )
Linda R. Thomas, Warden,                      )          **OPINION AND ORDER**
                                              )
                              Respondent.     )
_____              )

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") recommending the Court summarily dismiss the Petition for Writ of Habeas Corpus without prejudice the Court "does not have subject matter jurisdiction to consider the petitioner's claim pursuant to 28 U.S.C. § 2241 because the relief requested would not affect the duration of his prison sentence and the medical-related claim does not fit into any of the limited subject areas in which federal courts have found plausible § 2241 claims. (ECF No. 9.)  For the reasons set forth below, the Court agrees with the Report and summarily dismisses the Petition for Writ of Habeas Corpus without prejudice.

## BACKGROUND

The petitioner, Jack Ferranti ("the petitioner"), a federal prison inmate, proceeding *pro se* and *in forma pauperis*, brought this 28 U.S.C. § 2241 action asking this court to order the warden of FCI Edgefield to stock a specific type of anti-fungal medication in the prison commissary.  (ECF No. 1.)   Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2) DSC, the case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the petition pursuant to the procedural provisions of 28 U.S.C. § 1915. On

October 6, 2014, the Magistrate Judge issued a Report recommending that the writ of habeas corpus be summarily dismissed, without prejudice, for the reasons stated above. (ECF No. 9.) Plaintiff filed objections on October 23, 2014.  (ECF No. 13.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed*. Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[*D*]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

2

636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a prisoner's action if it determines that the action: "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

Upon review, the Court agrees with the Magistrate Judge that petitioner's writ of habeas corpus should be summarily dismissed.   As noted above, the petitioner filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. The petitioner states that he has no direct objections to the Report of the Magistrate Judge, conceding that challenges to the conditions of confinement should not be raised in a § 2241 petition.  The petitioner asks that the court convert his § 2241 petition to a § 1983 action, which the Court declines to do as it would cause confusion and does not serve judicial efficiency.  *See, e.g., Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) ("a petition for habeas corpus may not be 'converted' to a civil suit, nor may district judges convert suits in the other direction").

3

<u>**CONCLUSION**</u>

After a thorough review of the Report, the record, the applicable law, and the petitioner's objections, the Court adopts the Report and incorporates it herein. It is therefore ORDERED that the complaint is DISMISSED without prejudice and without issuance and service of process.   The Clerk of Court is directed to send the petitioner a set of § 1983/Bivens forms (complaint form, AO 240 and Financial Certificate, blank summons, and blank Forms USM 285's).  The petitioner must complete the forms and open a new case should he desire to pursue his claims as a Bivens or other non-habeas civil matter.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

October 28, 2014
Greenville, South Carolina